IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| FEDERATED MUTUAL INSURANCE COMPANY, a Minnesota Company, | )<br>)<br>)<br>) |
| Plaintiffs, | ) |
| vs. | ) Civil Action No.: |
| TARGET PLASTICS CORP., an Illinois corporation, and BRENDA ISABEL RODRIGUEZ, individually and on behalf of all others similarly situated, | )<br>)<br>)<br>)<br>)<br>) |
| Defendants. | ) |

**COMPLAINT FOR DECLARATORY JUDGMENT**

Plaintiff Federated Mutual Insurance Company ("Federated"), by and through its counsel of record, and for its Complaint against Defendants Target Plastics Corporation ("Target Plastics") and Brenda Isabel Rodriguez, individually and on behalf of all others similarly situated ("Rodriguez"), state as follows:

**INTRODUCTION**

1. This is an insurance coverage dispute between Federated and Target Plastics. Federated issued Commercial Package Policies to Target Plastics that contain a General Liability Coverage Part. Federated also issued Umbrella Policies to Target Plastics. In this action, Federated seeks a declaration that it has no duty to defend or indemnify Target Plastics under the Policies in connection with the underlying putative class action suit captioned, *Brenda Isabel Rodriguez v. Target Plastics Technology Corporation,* filed in the Circuit Court of the Eighteenth Judicial Circuit, DuPage County, Illinois, bearing Case No. 2022 CH 000112.

1

## PARTIES, JURISDICTION AND VENUE

2. Jurisdiction in this matter is based upon diversity of citizenship pursuant to 28 U.S.C. §1332(a)(1).

3. Plaintiff, Federated is a corporation organized under the laws of the State of Minnesota, with its principal place of business in Owatonna, Minnesota.

4. Defendant, Target Plastics is a corporation organized under the laws of the State of Illinois, with its principal place of business in Glendale Heights, Illinois.

5. Defendant, Rodriguez, is a citizen of the State of Illinois. Rodriguez is joined in this suit as a nominal party defendant.

6. The Rodriguez Lawsuit for which Target Plastics seeks a defense and indemnity is a putative class action. The primary Federated Policies have a Limit of Liability of $1 million for Personal and Advertising Injury and $2 million in the General Aggregate. The Umbrella Policies have Limits of Liability of $4 million Each Occurrence and $4 million in the General Aggregate.

7. Diversity jurisdiction exists because: (a) there is complete diversity of citizenship between Plaintiff Federated, and Defendants Target Plastics and Rodriguez, and (b) the amount in controversy, including the potential costs of both defending and indemnifying Target Plastics, substantially exceeds $75,000.

8. Venue is appropriate under 28 U.S.C. § 1391 because the making of the insurance contract at issue, which forms the basis of this action occurred in the Northern District of Illinois.

## FACTUAL BACKGROUND

A. **The Policies**

9. Federated issued the following Commercial Package Policies to Target Plastics:

No. 6057339, effective 12/31/2017 to 12/31/2018;

No. 6057339, effective 12/31/2018 to 12/31/2019;

No. 6057339, effective 12/31/2019 to 12/31/2020

(the "Policies"). A true and correct copy of the Policies are attached hereto as **Exhibits A-C**, respectively.

10. Federated also issued the following Umbrella Liability Policies to Target Plastics:

No. 6057341, effective 12/31/2017 to 12/31/2018;

No. 6057341, effective 12/31/2018 to 12/31/2019;

No. 6057341, effective 12/31/2019 to 12/31/2020;

(the "Umbrella Policies"). A true and correct copy of the Umbrella Policies are attached hereto as **Exhibits D-F**, respectively.

### B. The Rodriguez Lawsuit

11. On May 26, 2022, Rodriguez, on behalf of themselves and all others similarly situated, filed a Class Action Complaint against Target Plastics in the Circuit Court of the Eighteenth Judicial Circuit, DuPage County, Illinois, bearing Case No. 2022 CH 000112 (the "Rodriguez Lawsuit"). A true and correct copy of the Complaint filed in the Rodriguez Lawsuit is attached hereto as **Exhibit G**.

12. The Complaint alleges that Rodriguez was employed by Target Plastics, which uses a biometric timekeeping system that works by extracting biometric information from individuals, such as fingerprints or portions thereof, and subsequently using the same for authentication and timekeeping purposes.

13. According to the Complaint, the system includes the dissemination of biometrics to third parties, such as data storage vendors and payroll services. The biometrics are allegedly stored and repeatedly used each time a worker "clocks in" or "out" on the job. Rodriguez further alleges Target Plastics captures, stores, uses and disseminates her biometric information without

informed written consent, and without informing them through a publicly available policy of how and when the subject biometrics would be stored or disposed of, in direct violation of the Illinois Biometric Information Privacy Act ("BIPA").

14. The Complaint contains a single count alleging violations of Section 15(b), (c), and (d) of BIPA.

15. It seeks injunctive and other equitable relief; an award of statutory damages of $5,000 for each willful and/or reckless violation of BIPA; an award or statutory damages of $1,000 for each negligent violation of BIPA; and attorney's fees and costs.

16. Target Plastics was served with the Rodriguez Lawsuit on June 20, 2022.

17. On November 3, 2022, Target Plastics first provided notice to Federated of the Rodriguez Lawsuit.

18. Target Plastics has requested coverage from Federated for the Rodriguez Lawsuit. Federated contends that it has no obligation to defend or indemnify Target Plastics against the Rodriguez Lawsuit. Accordingly, an actual controversy exists between Federated, on the one hand, and Target Plastics, on the other hand, and by the terms and provisions of Rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C. §§ 2201 and 2202, this Court is invested with the power to declare the rights and liabilities of the parties hereto and to grant such relief as it deems necessary and proper.

## COUNT I – DECLARATORY JUDGMENT

**(Primary Policies– Access or Disclosure Exclusion)**

19. Plaintiff adopts and repeats the allegations of Paragraph 1 through 18 as and for Paragraph 19, as though the same were fully set forth herein.

20. The Federated Policies contain an Endorsement titled, "Electronic Data Liability Electronic Data Liability", which provides, in relevant part:

4

**B.** The following is added to Paragraph **2. Exclusions** of **Section I – Coverage B – Personal And Advertising Injury Liability:**

**2. Exclusions**

This insurance does not apply to:

**Access Or Disclosure Of Confidential Or Personal Information**

"Personal and advertising injury" arising out of any access to or disclosure of any person's or organization's confidential or personal information, including patents, trade secrets, processing methods, customer lists, financial information, credit card information, health information or any other type of nonpublic information.

This exclusion applies even if damages are claimed for notification costs, credit monitoring expenses, forensic expenses, public relations expenses or any other loss, cost or expense incurred by you or others arising out of any access to or disclosure of any person's or organization's confidential or personal information.

21. The Rodriguez Complaint alleges Target Plastics collected and disclosed its employees' fingerprints and thus biometric information in violation of BIPA.

22. Biometric information is personal and/or confidential information.

23. Therefore, any "personal and advertising injury" arises out of access to or disclosure of any person's confidential or personal information, and coverage for the Rodriguez Lawsuit is precluded under the primary Federated Policies pursuant to the Access or Disclosure of Confidential or Personal Information Exclusion.

24. The Federated Policies consequently do not actually or potentially provide coverage for the Rodriguez Lawsuit.

25. Accordingly, Federated has no duty to defend or indemnify Target Plastics for the Rodriguez Lawsuit.

5

WHEREFORE, Federated respectfully requests that this Honorable Court declare that it has no duty to defend or indemnify Target Plastics in connection with the Rodriguez Lawsuit, and grant any other relief that this Honorable Court deems just and equitable under the circumstances, including the award of costs.

## COUNT II – DECLARATORY JUDGMENT

**(Primary Policies– Employment Practices Liability Exclusion)**

26. Plaintiff adopts and repeats the allegations of Paragraph 1 through 18 as and for Paragraph 26, as though the same were fully set forth herein.

27. The primary Federated Policies contain an Employment Practices Liability Exclusion, which states:

> **B.** The following exclusion is added to Paragraph **2., Exclusions** of Section **I – Coverage B – Personal And Advertising Injury Liability:**
>
> This insurance does not apply to:
>
> "Personal and advertising injury" to:
>
> > **(1)** A person arising out of any:
> > **(a)** Refusal to employ that person;
> > **(b)** Termination of that person's employment; or
> > **(c)** Employment-related practices, policies, acts or omissions, such as coercion, demotion, evaluation, reassignment, discipline, defamation, harassment, humiliation, discrimination or malicious prosecution directed at that person; or
>
> ***
>
> This exclusion applies:
>
> > **(1)** Whether the injury-causing event described in Paragraphs **(a), (b)** or **(c)** above occurs before employment, during employment or after employment of that person;
> >
> > **(2)** Whether the insured may be liable as an employer or in any other capacity; and
> >
> > **(3)** To any obligation to share damages with or repay someone else who must pay damages because of the injury.

28. The Rodriguez Complaint is brought by employees of Target Plastics and alleges that Target Plastics violated its employees' privacy in their biometric information by requiring them to provide their biometric information for timekeeping purposes and disclosing their biometric information in violation of BIPA.

29. As a result, any "personal and advertising injury" arises out of any employment-related practices, policies, acts or omissions such as coercion, demotion, evaluation, reassignment, discipline, defamation, harassment, humiliation, discrimination or malicious prosecution, and coverage is precluded under the Federated Polices by reason of the Employment Practices Liability Exclusion.

30. The primary Federated Policies, therefore, do not actually or potentially provide coverage for the Rodriguez Lawsuit.

31. Accordingly, Federated has no duty to defend and indemnify Target Plastics for the Rodriguez Lawsuit.

WHEREFORE, Federated respectfully requests that this Honorable Court declare that it has no duty to defend or indemnify Target Plastics in connection with the Rodriguez Lawsuit, and grant any other relief that this Honorable Court deems just and equitable under the circumstances, including the award of costs.

## COUNT III– DECLARATORY JUDGMENT

**(Primary Federated Policies – Recording and Distribution Exclusion)**

32. Plaintiff adopts and repeats the allegations of Paragraph 1 through 18 as and for Paragraph 32, as though the same were fully set forth herein.

33. The primary Federated Policies contain the following Exclusion:

This insurance does not apply to:

**p. Recording And Distribution Of Material Or Information In Violation Of Law**

7

> "Personal and advertising injury" arising directly or indirectly out of any action or omission that violates or is alleged to violate:
>
> **(1)** The Telephone Consumer Protection Act (TCPA), including any amendment of or addition to such law;
>
> **(2)** The CAN-SPAM Act of 2003, including any amendment of or addition to such law;
>
> **(3)** The Fair Credit Reporting Act (FCRA), and any amendment of or addition to such law, including the Fair and Accurate Credit Transactions Act (FACTA); or
>
> **(4)** Any federal, state or local statute, ordinance or regulation, other than the TCPA, CAN-SPAM Act of 2003 or FCRA and their amendments and additions, that addresses, prohibits, or limits the printing, dissemination, disposal, collecting, recording, sending, transmitting, communicating or distribution of material or information.

34. The Rodriguez Complaint alleges that Target Plastics violated BIPA, a state statute, that addresses the printing, dissemination, disposal, collecting, recording, sending, transmitting, communicating or distribution of material or information.

35. Thus, any "personal and advertising injury" arises directly or indirectly out of any action or omission that violates or is alleged to violate any federal, state or local statute, ordinance or regulation, other than the TCPA, CAN-SPAM Act of 2003 or FCRA and their amendments and additions, that addresses, prohibits, or limits the printing, dissemination, disposal, collecting, recording, sending, transmitting, communicating or distribution of material or information.

36. Therefore, the Recording And Distribution Of Material Or Information In Violation Of Law Exclusion precludes coverage for the Rodriguez Lawsuit under the primary Federated Policies.

37. The primary Federated Policies do not actually or potentially provide coverage for the Rodriguez Lawsuit.

38. As a result, Federated has no duty to defend or indemnify Target Plastics against the Rodriguez Lawsuit.

WHEREFORE, Federated respectfully requests that this Honorable Court declare that it has no duty to defend or indemnify Target Plastics in connection with the Rodriguez Lawsuit, and grant any other relief that this Honorable Court deems just and equitable under the circumstances, including the award of costs.

## COUNT IV – DECLARATORY JUDGMENT

**(Primary Federated Policies– Breach of Notice Condition)**

39. Plaintiff adopts and repeats the allegations of Paragraph 1 through 18 as and for Paragraph 39, as though the same were fully set forth herein.

40. The primary Federated Policies contain the following Condition:

> **2. Duties in the Event of Occurrence, Claim or Suit**
> ***
>
> **d.** If a claim is made or a "suit" is brought against any insured you must:
>
> > **(1)** Immediately record the specifics of the claim or "suit" and the date received; and
> >
> > **(2)** Notify us as soon as practicable. You must see to it that we receive written notice of the claim or "suit" as soon as practicable.
>
> **e.** You and any other involved insured must:
>
> > **(1)** Immediately send us copies of any demands, notices, summonses or legal documents received in connection with the claim or "suit";
> ***

41. The Rodriguez Lawsuit was filed on May 26, 2022.

9

42. On June 20, 2022, Target Plastics was served with the Rodriguez Lawsuit, and therefore, was aware of it by that date at latest.

43. However, Target Plastics did not notify Federated of the suit until November 3, 2022.

44. Target Plastics consequently delayed giving notice to Federated of the Rodriguez Lawsuit for over approximately four and a half (4 1/2) months.

45. Target Plastics, therefore, did not give notice to Federated of the Rodriguez Lawsuit "as soon as practicable" in breach of the Notice condition.

46. Coverage under the primary Federated Policies is consequently barred as a result of Target Plastics' breach of the Notice condition.

47. Accordingly, Federated has no duty to defend or indemnify Target Plastics for the Rodriguez Lawsuit.

WHEREFORE, Federated respectfully requests that this Honorable Court declare that it has no duty to defend or indemnify Target Plastics in connection with the Rodriguez Lawsuit, and grant any other relief that this Honorable Court deems just and equitable under the circumstances, including the award of costs.

## COUNT V – DECLARATORY JUDGMENT
### (Umbrella Policy)

48. Plaintiff adopts and repeats the allegations of Paragraph 1 through 18 as and for Paragraph 48, as though the same were fully set forth herein.

49. The Umbrella Policies contain an Excess Coverage Part and an Additional Liabilities Coverage Part, neither of which provide coverage for the Rodriguez Lawsuit.

50. As a result, the Umbrella Policies do not actually or potentially provide coverage for the Rodriguez Lawsuit.

51. Federated, therefore, has no duty to defend or indemnify Target Plastics for the Rodriguez Lawsuit under the Umbrella Policies.

WHEREFORE, Federated respectfully requests that this Honorable Court declare that it has no duty to defend or indemnify Target Plastics in connection with the Rodriguez Lawsuit, and grant any other relief that this Honorable Court deems just and equitable under the circumstances, including the award of costs.

        Respectfully submitted,

        Federated Mutual Insurance Company

        By: /s/ Kelly M. Ognibene
            One of its Attorneys

Jeffrey A. Goldwater, Esq. (ARDC #6189014)
Kelly Ognibene, Esq. (ARDC #6297327)
Lewis Brisbois Bisgaard & Smith, LLP
550 West Adams Street, Suite 300
Chicago, Illinois 60661
312-345-1718
Jeffrey.Goldwater@lewisbrisbois.com
Kelly.Ognibene@lewisbrisbois.com